UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FLOYD CARR, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:15-cv-01461-WTL-MJD |
| ) | |
| SUPERINTENDENT, Correctional ) | |
| Industrial Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry (1) Denying Motion for Relief from Judgment,
(2) Modifying Dismissal and (3) Denying Certificate of Appealability**

For the reasons explained in this Entry, the petitioner's motion for relief from judgment must be **denied**. In addition, the previous dismissal of the action without prejudice must be **modified to a dismissal with prejudice.** This modification requires consideration as to whether a certificate of appealability should be issued, and on this subject no such certificate should be issued.

**I.**

**A.**

This action for habeas corpus relief brought by a state inmate was dismissed without prejudice based on the petitioner's failure to prosecute by failing to supplement his petition as directed in the Entry of September 22, 2015. He was to supplement his habeas petition by identifying the legal rule or principle on which he relies in seeking habeas corpus relief and in which to explain how that legal rule or principle applies to the circumstances he had narrated in his habeas petition.

**B.**

Carr seeks reconsideration of the dismissal. Based on the timing of his request, his motion for reconsideration must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. *Kiswani v. Phoenix Sec. Agency, Inc.,* 584 F.3d 741, 743 (7th Cir. 2009). In order for a Rule 60(b) movant to obtain the relief requested, he must show that he had both grounds for relief, *Fed. R. Civ. P.* 60(b)(1)-(5), and a meritorious claim or defense. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.,* 687 F.2d 182, 185 (7th Cir. 1982). The motion to reconsider appears to satisfy the first of these requirements.

**C.**

As to the second requirement, however, a different conclusion is compelled because Carr has not in fact identified a viable claim for federal habeas relief.

Carr was sentenced in the Lake Superior Court on July 21, 2000. On July 7, 2014, Carr filed a motion for sentence modification. That motion was denied on July 10, 2014 because Carr had not demonstrated in his motion that the prosecuting attorney had approved of the request. Carr alleges that this decision was an abuse of discretion because the trial court did not apply provisions of a statute which he says had gone into effect on July 1, 2014 and which eliminated the requirement that the prosecuting attorney consent to a requested sentence modification. The premise off this claim is that provisions of the statute which became effective on July 1, 2014 apply to all motions for sentence modification filed on or after that date, regardless of when sentence had been imposed.

Carr's habeas claim is that the trial court was obligated to act on his motion for sentence modification applying only the provisions of the statute which became effective on July 1, 2014. The premise of this claim is that provisions of the statute which became effective on July 1, 2014 apply to all motions for sentence modification filed on or after that date, regardless of when sentence had been imposed.

The Indiana state courts have rejected this argument. A comprehensive explanation was offered in recent weeks:

A trial court generally has no authority over a defendant after sentencing. *State v. Harper,* 8 N.E.3d 694, 696 (Ind. 2014). A notable exception is Indiana Code Section 35–38–1–17, which gives trial courts authority under certain circumstances to modify a sentence after it is imposed. *Id.* From 1991 until June 30, 2014, the relevant section of the sentence modification statute read:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney* . . .

Ind.Code § 35–38–l–17(b) (2009) (emphasis added). Effective July 1, 2014, the criminal code was subject to a comprehensive revision pursuant to P.L. 158–2013 and P.L. 168–2014. The pertinent section of the sentence modification statute was amended to read:

> (c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind.Code § 35–38–l–17(c) (2014). The legislature also included a specific savings clause as part of the 2014 revision of the criminal code, stating that:

> (a) A SECTION of P.L. 158–2013 or P.L. 168–2014 does not affect:
> (1) penalties incurred;
> (2) crimes committed; or
> (3) proceedings begun;
> before the effective date of that SECTION of P.L. 158–2013 or P.L. 168–2014. Those penalties, crimes, and proceedings continue and shall be imposed or enforced under prior law as if that SECTION of P.L. 158–2013 or P.L. 168–2014 had not been enacted.
> (b) The general assembly does not intend the doctrine of amelioration (*see [Vicory] v. State* [272 Ind. 683], 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L. 158–2013 or P.L. 168–2014.

I.C. § 1–1–5.5–21.

This court has held that "the 2014 amendment to Indiana Code section 35–38–1–17 was neither remedial nor procedural" and "the savings clause evinces the intent of the legislature to apply the new criminal code only prospectively." *Johnson v. State,* 36 N.E.2d 1130, 1137 (Ind.Ct.App. 2015), *trans. denied.* Here, as the State points out, "every provision of the savings clause bars Nolan's petition: his crimes were committed, his penalties incurred, and these proceedings were begun before July 1, 2014." Appellee's Br. at 9. Because the prosecutor objected to Nolan's petition for modification of his sentence, the trial court had no authority to modify his sentence under the applicable version of Indiana Code Section 35–38–l–17(b), and the court did not abuse its discretion when it denied Nolan's petition. *See Carr v. State,* 33 N.E.2d 358, 359 (Ind.Ct.App. 2015) (holding pre–2014 version of sentence modification statute applied where defendant petitioned for

>modification after effective date of new version of statute but had committed crimes prior to 2000), *trans. denied.*

*Nolan v. State*, No. 22A01-1503-CR-120, 2016 WL 1274125, at *1-2 (Ind.Ct.App. Mar. 31, 2016).

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). The scope of the Great Writ is limited because a viable habeas claim pursuant to 28 U.S.C. § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010)("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (some internal citations and quotations omitted).

Carr is not entitled to federal habeas relief because the premise of his claim is not constitutionally commanded. It is evident from the foregoing that the decision of the trial court in Carr's case was in full accord with Indiana law. It is also indisputable that the amendment of the statute Carr has identified occurred after his conviction and that a state court's decision not to apply a change in state law retroactively to his case did not violate his federal constitutional rights. *Wainwright v. Stone,* 414 U.S. 21, 23-24 (1973). This is because the Supreme Court has made clear that "the Federal Constitution has no voice upon the subject" of a State's decisions regarding the retroactivity of its laws. *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 858, 364 (1932); *see also Linkletter v. Walker,* 381 U.S. 618, 629 (1965) ("we believe the Constitution neither prohibits nor requires retrospective effect").

Perhaps more fundamental here is the nature of Carr's claim, that being a challenge to the trial court's application of state law. The Supreme Court has stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). As a question of state law, the claim is not cognizable under § 2254(a). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents

no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

Based on the foregoing, it is apparent that the trial court's denial of the petitioner's motion for sentence modification was not contrary to the Constitution, laws, or treaties of the United States.

**D.**

The amended habeas petition would not have survived the preliminary screening required by Rule 4 of the required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts* and would have been summarily dismissed. Carr's motion for reconsideration [dkt 7], treated as a motion for relief from judgment, is **denied.**

**II.**

The previous dismissal of the action without prejudice is **modified to a dismissal with prejudice.**

**III.**

Under the 2009 Amendments to Rule 11(a) of the *Rules Governing Section 2254 Proceedings,* the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This requirement is likewise established in 28 U.S.C. § 2253(c)(2). *See Gonzalez v. Thaler,* 132 S. Ct. 641, 649 n.5 (2012).

The modification of the disposition in Part II of this Entry requires consideration as to whether a certificate of appealability should be issued. Based on the discussion and conclusion in Part I of this Entry, the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 4/18/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

FLOYD CARR
105406
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064